# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

RODERICK MCRAE,      )
      #236188,      )
      )    CIVIL ACTION NO. 0:07-1521-HFF-BM
      Petitioner,    )
      )
v.      )
      )    **REPORT AND RECOMMENDATION**
COLIE L. RUSHTON, Warden,    )
McCormick Correctional Institution, )
      )
      Respondent.    )
_____)

This is a <u>pro se</u> Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on May 24, 2007.[1]  The Respondent filed a return and motion for summary judgment on September 5, 2007. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on September 6, 2007, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on November 7, 2007.   This matter is now before the Court for disposition.[2]

---

[1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all
(continued...)



### Procedural History

Petitioner was indicted in March 1996 in Oconee County for trafficking in cocaine [Indictment No. 96-GS-37-268](R.pp. 610-611), possession of marijuana [Indictment No. 96-GS-37-271](R.p. 604), and unlawful possession of a pistol [Indictment No. 96-GS-37-585](R.pp. 601-602). Petitioner was represented by Ernest E. Yarborough, Esquire, and on August 13-14, 1996, was tried by a jury and found guilty as charged. (R.pp. 1-382). Petitioner was sentenced to life imprisonment without parole (LWOP) for trafficking; five (5) years, concurrent, for possession of a pistol; and one (1) year, concurrent, for possession of marijuana. (R.p. 412).

Petitioner filed a timely appeal, on which he was represented by Richard H. Warder, Esquire, and Cheryl Aaron, Esquire. (R.p. 414). Petitioner raised the following issues in his direct appeal:

> **Ground One**: The trial judge erred in denying Appellant's motion for a mistrial on the grounds that several members of the jury had read and discussed a newspaper article during the trial which revealed the Appellant's prior criminal record and possible life without parole sentence.

> **Ground Two**: The trial judge erred in not declaring a mistrial on the court's own motion because during the trial the jury read and discussed a newspaper article which contained the defendant's prior record, and further because of prosecutorial misconduct in releasing to the media the Appellant's prior record and possible sentence in this matter.

> **Ground Three**: The disclosure to the jury of the newspaper article containing Appellant's two (2) prior convictions for violent offenses is not harmless error.

(...continued)
pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



(R.p. 417).

On May 18, 1999, the South Carolina Court of Appeals filed an opinion in which it affirmed the convictions and sentences. <u>State v. McRae</u>, 99-UP-303 (S.C.Ct.App. filed May 18, 1999). <u>See</u> Respondent's Exhibit 2. The Remittitur was sent down on June 8, 1999. <u>See</u> Respondent's Exhibit 3.

On January 6, 2000, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court. <u>McRae v. State of South Carolina</u>, 00-CP-37-006. Petitioner raised the following issues in his APCR:

**Ground One:** Trial counsel was ineffective in failing to suppress the testimony of Officer Howard's use of the drug dog.

**Ground Two:** Trial counsel was ineffective in requesting an Actual Possession Jury charge, when the State could only prove the possibility of Constructive Possession.

**Ground Three:** Trial counsel was ineffective in refusing the Court's Mere Presence charge, which could have been beneficial to Applicant's defense of crime charged.

**Ground Four:** Trial counsel was ineffective in failing to raise a <u>Batson v. Kentucky</u> issue concerning the all white jury, and the Solicitor dismissing the only black juror.

**Ground Five:** Trial counsel was ineffective in failing to request a Motion in Limine against the articles found inside of the "black bag", and his failure to object to the Solicitor's variance of proof pertaining to participation and connection.

**Ground Six:** Trial counsel was ineffective in failing to argue the Fourth Amendment, Abandonment Theory, Probable Cause, and Expectation of Privacy, pertaining to the "Black Bag" involved.

**Ground Seven:** Trial counsel was ineffective in failing to Motion the court to wait the statutory twenty[-four] (24) hours before sentencing, allowing Judicial Misconduct, applicant was sentence to Natural Life following the verdict.

**Ground Eight:** Trial counsel was ineffective in failing to object to the Solicitor's Burden-Shifting during trial.

**Ground Nine:** Trial counsel was ineffective in not perfecting applicant's appeal



(including charge on Notice of Appeal & Preparing Direct Appeal.)

(R.pp. 489-508).

Petitioner, through collateral counsel James H. Price, III, Esquire, then filed an amended application

in which he raised the following issues:

> **Ground One**: Prosecutorial misconduct; Applicant was denied due process of law and effective assistance of trial counsel when the solicitor willfully revealed information about the case to the news media and trial counsel failed to properly defend the Applicant against this prosecutorial misconduct and preserve the issue for appeal review . . .
>
> **Ground Two**: Trial counsel was ineffective for failing to challenge the provisions of Section 1725-45 constitutionality and Applicant was denied due process and equal protection of the laws . . .
>
> **Ground Three**: Applicant's life sentence and Section 17-25-45(B) are in violation of S.C. Const., Ar. XII, § 2, and the substantive due process clause and equal protection clauses [of the State and U.S. Constitutions], and trial counsel was ineffective in failing to challenge the constitutionality of the life sentence and Section 17-25-45(B) for these reasons . . .
>
> **Ground Four**: The General Assembly violated the single subject clause of S.C. Const. Art. III, § 17 when it enacted Bill 3096 "Truth-in-Sentencing" when it included within one bill unrelated provisions, and § 17-25-45(B) of that Act and Applicant's life sentence are unconstitutional, and Applicant was denied due process of law and effective assistance of counsel . . .
>
> **Ground Five:** Applicant was denied the effective assistance of trial and appeal counsels in violations of his guaranteed rights of S.C. Const. Art I, §§ 3 & 14 and the Sixth and Fourteenth Amendments of the United States Constitution.

(R.pp. 509-550).

On August 6, 2003, an evidentiary hearing was held at which Petitioner was represented by Attorney

Price.  (R.pp. 555-576).   On August 27, 2004, the PCR judge entered a written order denying the



petition in its entirety.[3]  (R.pp. 577-584).

Petitioner then filed a Notice of Appeal with the South Carolina Supreme Court. (R.p. 585).  Petitioner was represented by Tara D. Shurling, Esquire, and raised the following issues:

> 1.  Did the lower court err in ruling that defense counsel was not ineffective in failing to seek a mistrial based on prosecutorial misconduct?
>
> 2.  Did the lower court err in ruling that defense counsel was not ineffective in failing to seek a mistrial where the record reflects that the jury engaged in premature deliberation?
>
> 3.  Did the lower court err in ruling that defense counsel was not ineffective in acquiescing in a curative instruction that was inadequate to remove the undue prejudice?

See Respondent's Exhibit 5, p. 2.

After the State filed its return, Petitioner filed a reply dated January 23, 2006.  See Respondent's Exhibits 6 & 7.

On December 18, 2006, the South Carolina Supreme Court issued a letter order denying the petition for a writ of certiorari.  See Respondent's Exhibit 8.  The Remittitur was sent down on January 4, 2007.  See Respondent's Exhibit 9.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: The trial judge erred in denying Petitioner's motion for a mistrial on the grounds that several members of the jury had read and discussed a newspaper article during the trial which revealed the petitioner's prior criminal record and possible life without parole sentence, which was a denial of due process of law.
>
> **Ground Two:** The trial judge erred in not declaring a mistrial on the court's own motion because during the trial on these charges the jury read and discussed a

---

[3]On October 1, 2004, the PCR judge filed a consent order to amend the order of dismissal to correct a scrivener's error.  (R.pp. 596-597); see also Respondent's Exhibit 4.



newspaper article which contained the defendant's prior record, and further because of prosecutorial misconduct in releasing to the media the defendant's prior record and possible sentence in this matter, this was a denial of due process of law.

**Ground Three:** The disclosure of the newspaper article containing Petitioner's two (2) convictions for violent offenses is not harmless error because it violated Petitioner's due process rights.

**Ground Four:** Defense counsel was ineffective for failing to seek a mistrial based on prosecutorial misconduct, which violated Petitioner's Sixth Amendment Right.

**Ground Five:** Defense counsel was ineffective in failing to seek a mistrial where the record reflects that the jury engaged in premature deliberation, which violated Petitioner's Sixth Amendment Right.

**Ground Six:** Defense counsel was ineffective in acquiescing in a curative instruction that was inadequate to remove the undue prejudice.

See Petition, attachments.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



# I.

In Ground One of his Petition, Petitioner contends that the trial judge erred in denying Petitioner's motion for a mistrial on the grounds that several members of the jury had read and discussed a newspaper article during the trial which revealed Petitioner's prior criminal record and possible life without parole sentence, which was a denial of due process of law.[4]  Respondent argues that the PCR judge did not rule on this issue nor did Petitioner pursue this matter in his PCR appeal[5], and that this was also not the same issue presented by Petitioner in his direct appeal.  A *similar* issue *was* raised in Petitioner's direct appeal; however, Respondent argues (and the undersigned agrees) that the issue in Petitioner's direct appeal was not based on a due process argument. Therefore, this claim is procedurally defaulted. *Cf.* Minett v. Hendricks, 135 Fed. Appx. 547, 551-552 (3rd Cir. 2005) [Due process claim not exhausted at state level for purposes of federal habeas review where issue was

---

[4]The South Carolina Court of Appeals set forth the underlying facts concerning this issue as follows:

> On the second day of the two day trial, an article about the trial appeared in the Anderson Independent-Mail newspaper.  The headline read "Man could face life for 3rd offense. Drug trafficking charge could result in use of state's new three-strikes law."  The article discussed [Petitioner's] prior criminal convictions in Florida for attempted murder and trafficking in drugs.  The article also stated that if [Petitioner] was convicted on a third serious offense, he would be subject to a life sentence.

> [Petitioner] moved for a mistrial but asked the court to hold its decision in abeyance until after the jury had returned its verdict.  He also asked the court to question the jury as to whether they had read the article and asked that the court give an appropriate curative instruction.

Respondent's Exhibit 2.

[5]In any event, this issue would not have been a proper claim to raise as a freestanding issue in an APCR. Drayton v. Evatt, 430 S.E.2d 517, 519-520 (S.C. 1992) [issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel].

7



not presented in state court as a federal due process claim].[6]  Indeed, Petitioner himself does not even

argue that he properly exhausted this claim, choosing instead to pursue this issue as a due process

violation in his federal petition on the grounds that he is *actually innocent*.   See Petitioner's

Response in Opposition to Summary Judgment, pp. 2, 6-10.  See also Joseph v. Angelone, 184 F.3d

320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the

'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the

ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a

theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d

840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

   Since this issue was not presented to, or ruled on, by the state court of appeals as a due

process claim, it is barred from further state collateral review; *cf.*  McCullough v. Bazzle, 2007 WL

949600 at *3 (D.S.C.  Mar. 27, 2007)(citing Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)[PCR

grounds procedurally barred because they were not properly raised and ruled on by the PCR judge];

Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992); Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992);

cf Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425

S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct.

16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice

v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state

---

   [6]A review of Petitioner's direct appeal brief confirms that this issue was only argued on state
law grounds.  See (R.pp. 423-432).  No constitutional arguments are presented, nor are any federal
cases cited. *Cf.* Minett, 135 Fed.Appx. At 552 [finding that for a federal due process claim to have
been "fairly presented", there must be a reliance on pertinent federal and state cases employing
constitutional analysis, assertion of the federal constitutional claim in sufficiently specific terms, and
allegations of fact presented that are within the mainstream of constitutional litigation].see also
Baldwin v. Reese, 541 U.S. 27 (2004); McCandlen v. Vaughn, 172 F.3d 255, 261-262 (3rd Cir. 1999).



remedy for Petitioner to pursue this issue, it is fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not properly presented or pursued by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or (as Petitioner asserts here) actual innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Since Petitioner is pursuing an "actual innocence" argument, he has not argued any

9



cause for his procedural default.  Accordingly, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].  Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this claim is not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence.  Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).  Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted."  United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999).  He has failed to do so.

Petitioner argues that the jurors "may" have ignored evidence and that there was nothing to prove conclusively that he was guilty.  See Petitioner's Motion in Opposition to Summary Judgment, p. 9.  However, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which would support his claim of innocence on the criminal charges, nor has he demonstrated his factual innocence.  See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, petitioner must

10



"support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."]; <u>Doe v. Menefee</u>, 391 F.3d 147, 161 (2nd Cir. 2004) [quoting <u>Schlup</u> for the evidentiary standard required for a court to consider an actual innocence claim]; <u>Thompson v. United States</u>, No. 99-3893, 2000 WL 571952, *2 (6th Cir. May 2, 2000)[bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241]. Therefore, this claim as a due process claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; <u>see</u> 28 U.S.C. § 2254.

## II.

In Ground Two of his Petition, Petitioner contends that the trial judge erred in not declaring a mistrial on the court's own motion because during the trial on these charges the jury read and discussed a newspaper article which contained Petitioner's prior record, and further because of prosecutorial misconduct in releasing to the media the Petitioner's prior record and possible sentence in this matter. Petitioner again argues that this was a denial of his due process rights.

Petitioner raised a similar issue in his direct appeal, but the South Carolina Court of Appeals found that issue was procedurally barred since it had not been preserved at trial.  <u>See</u> Respondent's Exhibit 2, p. 3.  In South Carolina, a defendant's failure to raise an objection at trial constitutes a procedural default of his claim. <u>State v. Grovenstein</u>, 530 S.E.2d 406, 413 (S.C. 2000); <u>State v. Pauling</u>, 470 S.E.2d 106, 109 (S.C. 1996)["Having denied the trial judge an opportunity to cure any alleged error by failing to contemporaneously object . . ., Appellant is procedurally barred from raising these issues for the first time on appeal."]; <u>State v. Burton</u>, 486 S.E.2d 762, 764 (S.C.Ct.App. 1997); <u>see</u> <u>also</u> <u>Jackson v. Speed</u>, 486 S.E.2d 750, 759 (S.C. 1997)[South Carolina



appellate courts have consistently refused to apply the plain error rule.]; <u>State v. Hoffman</u>, 440 S.E.2d 869, 873 (S.C. 1994)[An issue which is not properly preserved cannot be raised for the first time on appeal]. Because no objection on this ground was made at trial so as to preserve this issue for appeal, Petitioner has procedurally defaulted on this claim, and federal habeas review of this claim is therefore barred unless Petitioner can demonstrate cause and prejudice, or actual innocence. <u>Coleman v. Thompson</u>, <u>supra</u>; <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766; <u>see</u> <u>State v. Tucker</u>, 462 S.E.2d at 265; <i>cf.</i> <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) [Exhaustion requirement is technically met when a state procedural rule would bar consideration if the claim was later presented to the state court], <u>cert.</u> <u>denied</u>, 522 U.S. 833 (1997).

Petitioner has failed to show (or even argue) cause for his procedural default on this issue; <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert.</u> <u>denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; although he again contends that this claim should not be procedurally barred from consideration because he is actually innocent.  <u>See</u> <u>Petitioner's Motion in Opposition to Summary Judgment</u>, p. 21.  However, despite alleging actual innocence to overcome the procedural bar, Petitioner has not shown that a fundamental miscarriage of justice will occur if this claim is not considered.  <u>See</u> discussion (Ground One), <u>supra</u>; <u>see also</u> <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881. Hence, this claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

### III.

In Ground Three of his Petition, Petitioner contends that the disclosure of the newspaper



article containing Petitioner's two (2) convictions for violent offenses is not harmless error because it violated his due process rights. Petitioner presented a similar issue in his direct appeal, which was essentially an argument that the jury's having access to the information in the newspaper article was not "harmless error." However, there has been no finding of error by the trial judge in this case, or any prejudice resulting therefrom, to which to apply this legal doctrine. See Respondent's Exhibit 2, pp. 2-4; Schaffer v. United States, 362 U.S. 511, 517 (1986)[Harmless-error rule not even reached where no error was shown]. The trial judge found that no prejudice had been incurred as a result of this newspaper article, and the appellate court agreed. Id; see also (R.pp. 174-176); Mitchell v. Esparza, 540 U.S. 12, 18 (2004)[Habeas relief is appropriate only if the state court applied harmless error review in an "objectively unreasonable" manner.]; State v. Burton, 486 S.E.2d 962, 764 (S.C.Ct.App. 1997) ["Error is harmless where it could not reasonably have affected the result of the trial"]; see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) [It is not the promise of a federal habeas court to re-examine state court determinations of state law questions].

Furthermore, this is not even the same issue raised in Petitioner's direct appeal, as Petitioner did not allege a due process violation in his direct appeal. (R.pp. 438-440); see Joseph, 184 F.3d at 328; Townes, 68 F.3d at 846; Mallory, 27 F.3d at 995. Federal habeas review of this claim is therefore barred unless Petitioner can demonstrate cause and prejudice, or actual innocence. Coleman v. Thompson, supra; Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; cf. United States v. Mitchell, 502 F.3d 931, 967 (9th Cir. 2007)[Harmless error analysis only applies to preserved objections].

Petitioner again has not argued any cause for a procedural default, contending that he is actually innocent. See Petitioner's Motion in Opposition to Summary Judgment, p. 29; Rodriguez



v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause

without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].  However,

Petitioner has not shown that a fundamental miscarriage of justice will occur if the  claim is not

considered.  See discussion (Ground One), supra; see also Wainwright v. Sykes, supra; Murray v.

Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898

F.Supp. at 881. Hence, this claim is procedurally barred from consideration by this Court, and must

be dismissed. Id.; see 28 U.S.C. § 2254.

<h3 style="text-align:center">IV.</h3>

In Ground Four of his Petition, Petitioner asserts that Defense counsel was ineffective

for failing to seek a mistrial based on prosecutorial misconduct. This issue was raised in Petitioner's

APCR, where Petitioner had the burden of proving the allegations in his petition.  Butler v. State, 334

S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

The PCR court rejected this claim, making relevant findings of fact and conclusions

of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See McRae, No. 00-CP-

37-006.  Specifically, the PCR judge found that: 1)  Petitioner testified that trial counsel considered

moving for a mistrial based on prosecutorial misconduct and the newspaper article but that he did

not have time to retry the case, and that the Petitioner was prejudiced by this decision because this

issue was not preserved for appellate review; 2)  trial counsel was not available at the evidentiary

hearing to articulate his trial strategy in regards to the newspaper article; 3) the record reflects that

trial counsel did move for a mistrial on grounds of the jury's exposure to the newspaper article, and

made extensive argument to the court as to why the mistrial motion should be granted; 4) the trial

court denied the motion for a mistrial in its sound discretion after both sides had an opportunity to



make arguments on the matter; 5) the issue was then raised on appeal and decided on the merits by the South Carolina Court of Appeals, which found that the trial court did not abuse its discretion by denying the motion for mistrial; 6) counsel articulated a reasonable strategy at trial for not probing too extensively into the jury's knowledge of the newspaper article; 7) courts are wary of second-guessing the trial strategy of defense counsel; 8) where trial counsel articulates a valid reason for employing certain trial strategy, such conduct should not be deemed ineffective assistance of counsel; 9) trial counsel's strategy was reasonable; 10) the Petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney on this matter; 11) the Petitioner also failed to carry his burden of proof to show a reasonable probability that the outcome of the trial would have been different but for trial counsel's alleged deficient representation; 12) the motion for mistrial was raised, argued, and denied by the trial court; 13) the trial court's decision was subsequently affirmed on appeal; 14) the decision to grant or deny a mistrial is within the sound discretion of the trial judge; 15) the trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law; 16) the power of a court to declare a mistrial ought to be used with the "greatest caution under urgent circumstances, and for very plain and obvious causes" stated into the record by the trial judge; 17) the Petitioner has not shown how the outcome would have changed but for trial counsel's decision not to raise the issue again later in the trial; and 18) Petitioner has not shown any prejudice. (R.pp. 579-581).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and



convincing evidence], <u>cert.</u> <u>denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert.</u> <u>denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1568 (4th Cir. 1993), <u>cert.</u> <u>denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert.</u> <u>denied</u>, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.



Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.    Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner testified at the PCR hearing that his counsel did not ask for a mistrial based upon prosecutorial misconduct or on the basis that some of the jurors had seen the article and were discussing it.  (R.p. 562). Petitioner also testified that counsel told him that he could not move for a mistrial because he had more cases to try.  (R.p. 567).  However, the record reflects that Petitioner's trial counsel did move for a mistrial.  (R.pp. 128, 164-176). The fact that Petitioner's counsel moved for a mistrial, albeit on different supporting grounds, undercuts Petitioner's testimony that counsel refused to move on the ground alleged because he had more cases to try.  The record reflects that



counsel argued at length as to why a mistrial should be granted, and also explained to the court his reasons why more extensive questions that could prejudice the jury should not be asked. Counsel requested that the court ask more generic questions about whether the article was read or discussed. (R.pp. 172-173). Counsel also asked the court to hold his motion in abeyance pending the outcome of the motion for directed verdict that he was prepared to make at the close of the prosecution's case. (R.pp. 128-130). The record reflects that the court individually questioned the jurors as to their knowledge of the article and whether each one would be able to render an impartial verdict. (R.pp. 138-156). After considering argument from counsel and the answers from the jurors on individual voir dire, the trial court denied the motion for a mistrial, instead giving a curative instruction to the jury which Petitioner's trial counsel agreed was an appropriate charge. (R.pp. 174-178).

Since counsel was not present at the PCR hearing to testify as to why he did not move for a mistrial based upon prosecutorial misconduct, the record does not reflect his trial strategy for that decision. However, the undersigned does not find that Petitioner has shown that his counsel was deficient for failing to base the motion on prosecutorial misconduct, as no prosecutorial misconduct was shown. (R.pp. 126-128); <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. In any event, even assuming arguendo that Petitioner can meet the first prong of the <u>Strickland</u> standard, he still fails to meet the second "prejudice" prong under <u>Strickland</u>, as the record fails to show that the outcome of his trial would have been different if counsel had moved for a mistrial on the grounds of prosecutorial misconduct. Petitioner has not presented any additional facts that his counsel possessed regarding this issue that the trial judge was not aware of at the time of his ruling, and in his direct appeal he even pointed out that the trial court could have <u>sua</u> <u>sponte</u> on its own motion granted a mistrial based on prosecutorial



misconduct if it had believed this had occurred.  The record reflects that although the Court denied the motion for a mistrial on different grounds, the trial court was aware of the situation involving the newspaper article and the prosecutor having spoken with the reporter. (R.pp. 126-127). Hence, Petitioner has not shown that the outcome would have been different if his counsel had argued prosecutorial misconduct as an additional basis in support of the motion for a mistrial.

Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

## V.

In Ground Five of his Petition, Petitioner contends that his counsel was ineffective for failing to seek a mistrial where the record reflects that the jury engaged in premature deliberation, which violated Petitioner's Sixth Amendment Right.  Although Petitioner attempted to assert this claim in his PCR appeal, the record reflects that it was not raised as a separate claim in Petitioner's APCR, and the PCR judge did not rule on the issue.  Therefore, since this issue was not ruled on by the PCR judge as a separate claim, it is barred from further state collateral review; <u>see</u> discussion, <u>supra</u>; <u>see also</u> <u>Plyler v. State</u>, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; <u>McCullough</u>, 2007 WL 949600 at *3; <u>Shabazz</u>,



527 S.E.2d at 747; <u>Plyler</u>, 424 S.E.2d at 478; <u>Pruitt</u>, 423 S.E.2d at 128 n. 2; <u>cf</u> <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram</u>, 1998 WL 726757 at **1; <u>Josey</u>, 2001 WL 34085199 at * 2; <u>Aice</u>, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague</u>, 489 U.S. at 297-298; <u>George</u>, 100 F.3d at 363; <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews</u>, 105 F.3d at 911; <u>Ingram</u>, 1998 WL 726757 at **1.

Since this issue was not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766; <u>Coleman</u>, 501 U.S. at 750. Petitioner argues in his brief that it was the PCR judge's negligence which is the cause for the procedural default of this issue. <u>See</u> Memorandum in Opposition for Summary Judgment, p. 37. However, a review of the record does not reflect that a separate premature deliberation argument was pursued in Petitioner's PCR filings (apart from Petitioner's complaint that the jurors had seen and discussed the newspaper article, an issue already addressed), so it is not surprising that the PCR judge did not address such a claim in his order. Furthermore, Petitioner has not shown that he filed any motion requesting the PCR court to reconsider, amend and/or correct its order to include a ruling on this issue. <u>See</u> Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order].

In any event, Petitioner's complaints about alleged infirmities in his PCR proceedings do not state a basis for federal habeas relief. <u>See</u> <u>Bryant v. Maryland</u>, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Wright v. Angelone</u>, 151 F.3d 151 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]. Therefore, Petitioner has



failed to show cause for his procedural default on this issue, and since Petitioner has failed to present any cause, this claim is barred absent a showing of a miscarriage of justice. <u>Rodriguez</u>, 906 F.2d at 1159. As previously discussed, Petitioner has not shown a miscarriage of justice in this case. <u>See</u> discussion (Ground One), <u>supra</u>. Hence, this claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

### VI.

In Ground Six of his Petition, Petitioner contends that his trial counsel was ineffective for acquiescing in a curative instruction that was inadequate to remove the undue prejudice caused by the newspaper article.  This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition.  <u>Butler</u>, 334 S.E.2d at 814.

The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>McRae</u>, No. 00-CP-37-006.  Specifically, the PCR judge found that: 1) the Petitioner alleged that trial counsel was deficient for not asking the court to specifically instruct the jury to totally disregard any information obtained from the newspaper article when deliberating over the verdict; 2) the record shows that trial counsel did specifically ask the trial court to include the language of Rule 404(b), South Carolina Rules of Evidence, which was incorporated into the <u>State v. Bostic</u> instruction given to the jury; 3) trial counsel's representation in regards to the trial court's curative instruction was well within the range of competence required of criminal defense attorneys; 4) trial counsel's failure to object to the curative instruction settled on by the trial judge was not unreasonable; 5)  the Petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard; 6)  the Petitioner also failed to carry



his burden of proof to show a reasonable probability that the outcome of the trial would have been different but for trial counsel's alleged deficient representation; 7) the trial court stated on the record that the <u>State v. Bostic</u> instruction adequately summed up the principle in Rule 404(b), that prior bad acts are not admissible, and that such an instruction was sufficient to cure the problems cause by the newspaper article; 8) the Petitioner has not shown how any objection by trial counsel here would have changed the trial court's decision on this matter; and 9) the Petitioner has failed to carry his burden to show prejudice. (R.pp. 581-582).

As previously noted, substantial deference is to be given the state court's findings of fact, and Petitioner has the burden of rebutting the presumption of correctness given the state court's factual findings by clear and convincing evidence. <u>See</u>, discussion <u>supra</u>; 28 U.S.C. § 2254(e)(1). Also as previously discussed, although this Court must reach an independent decision on the issue of ineffective assistance of counsel, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in §2254(d)(1), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, <u>supra</u>. <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Fisher</u>, 215 F.3d at 446; <u>Evans</u>, 220 F.3d at 312. Upon review of the record and materials in the file consistent with the applicable caselaw, I do not find that the Petitioner was denied effective assistance of counsel with respect to this claim.

While Petitioner argues that his counsel should have objected to the court's instruction and propose an adequate instruction to the trial judge, the record shows that trial counsel did specifically ask the trial court to read the curative language from <u>State v. Bostic</u> as well as include the language of Rule 404(b) in his explanation to the jury. (R.pp. 176-177). The trial court then incorporated that language into the <u>State v. Bostic</u> instruction given to the jury. (R.pp. 177- 178).



The PCR court found that the trial court's representation in regards to the trial court's curative instruction was well within the range of competence required of criminal defense attorneys, that trial counsel's failure to object to the curative instruction settled on by the trial judge was not unreasonable, and that Petitioner's counsel was not ineffective. The undersigned can find no basis in the record or the applicable case law to overturn these findings of the state court. Evans, 220 F.3d at 312.

Further, Petitioner has also failed to show that, even if his counsel had not acquiesced in the curative instruction, the outcome would have been different. As a matter of state court practice, a curative instruction is generally deemed to have cured any alleged error. State v. Patterson, 522 S.E.2d 845, 850-851 (S.C.Ct.App. 1999); State v. Greene, 499 S.E.2d 817, 822 (S.C.Ct.App. 1997); see State v. Kelsey, 502 S.E.2d 63, 70 (S.C. 1998) [curative instruction to disregard incompetent evidence and not to consider it during deliberation is deemed to have cured any alleged error in its admission]. Therefore, Petitioner has not shown the necessary prejudice to establish his counsel was ineffective, and Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]. This claim is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary



judgment be **granted**, and that the Petition be **dismissed**, with prejudice. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

July 24, 2008





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).