

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| RODERICK MCRAE, § | |
|     Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:07-CV-1521-HFF-BM |
| § | |
| COLIE RUSHTON, § | |
| Warden McCormick Correctional Institution, § | |
|     Respondent. § | |

# ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the Petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge filed the Report on July 24, 2008, and the Clerk of Court entered Petitioner's objections to the Report on August 27, 2008.

After careful review of Petitioner's objections, the Court finds those objections to be without merit due to the procedural bars discussed at length in the Magistrate Judge's Report.

For the sake of thoroughness, however, the Court notes that Petitioner's objection that he suffered actual prejudice as a result of several jurors' exposure to an *Anderson Independent* article discussing his prior convictions is assuaged by the thoughtful handling of the issue by the Honorable Judge Alexander S. Macaulay. The Supreme Court has cautioned trial judges on numerous occasions about the dangers posed by outside influences on the jury. *See e.g.*, *Sheppard v. Maxwell*, 384 U.S. 333, 362-363 (1966) ("[T]rial courts must take strong measures to ensure that the balance is never weighed against the accused."). The Fourth Circuit explained that when prejudicial trial publicity is brought to a court's attention during a trial, "the court must ascertain if any jurors who have been exposed to such publicity had read or heard the same. Such jurors who respond affirmatively must then be examined, individually and outside the presence of the other jurors, to determine the effect of the publicity." *United States v. Hankish*, 502 F.2d 71, 77 (4th Cir. 1974). Judge Macaulay strictly followed this procedure by privately questioning every juror individually to determine if the juror was aware of the newspaper article and whether they were influenced by it. (Pet. 17-18.) As a result of his voir dire, Judge Macaulay determined that, even though two of the jurors had read the article, every juror remained capable of making a fair and impartial decision based solely on the evidence presented in court. (App. to Pet. for Cert. 176-77.) He denied Petitioner's motion for a mistrial and, instead, gave a curative instruction to the jury. (App. to Pet. for Cert. 177-78.)

On appeal, the South Carolina Court of Appeals, in an unpublished opinion, deferred to the trial court's handling of the issue by holding that the trial judge did not abuse his discretion in denying Petitioner's mistrial motion. *State v. McRae*, 99-UP-303 at *2-4 (S.C. Ct. App. 1999) (*citing State v. Wasson*, 299 S.C. 508, 510-11 (1989)). After careful consideration of the relevant case law, this Court is convinced that the Fourth Circuit would reach the same conclusion. *See e.g.*, *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997) ("Similarly, denial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary circumstances.") Furthermore, the Fourth Circuit noted that "it is not required that jurors be totally ignorant of the facts and issues involved . . . . It is sufficient if the juror can lay aside his impression or opinion, and render a verdict based on the evidence presented in court." *United States v. Backford*, No. 97-4924, 2000 U.S. App. LEXIS 6752 at *17 (4th Cir. 2000).[1] However, assuming arguendo that Petitioner has demonstrated actual prejudice resulting from the exposure of the *Anderson Independent* article, the Court agrees with the Magistrate Judge that Petitioner has failed to show cause sufficient to overcome his procedural default. *See Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the

---

[1] In a case involving facts strikingly similar to Petitioner's, the U.S. Supreme Court ordered a new trial *in federal court* where the jurors were exposed to newspaper articles discussing the prior convictions of a criminal defendant. *Marshall v. United States*, 360 U.S. 310, 313 (1959) (relying on its "supervisory power" over federal courts). *Marshall*, however, has been clearly limited to trials in federal court. *See Murphy v. Florida*, 421 U.S. 794, 797-98 (1975) (clarifying that *Marshall* rested on the Supreme Court's supervisory power, not the Constitution and declining to apply *Marshall* to proceedings in state court).

Report and incorporates it herein.  Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and the Petition be **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Signed this 2nd day of September, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.